IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-01022-ZLW-CBS

CRAIG RICHARD,

    Plaintiff,

v.

JIM PEPPER,

    Defendant.

_____

*AMENDED* ORDER OF DISMISSAL
_____

Plaintiff commenced this action on May 16, 2007, by filing a document entitled "Libel of Review - common law counterclaim in admiralty - notice of lis pendens and - verified statement of right - Re: God-given unalienable rights in the original estate - Article III; Constitution," which the Court treats as Plaintiff's complaint. The Court must liberally construe a complaint filed by party such as Plaintiff who is representing him or herself (i.e. *"pro se"*),[1] but is not required to act as the *pro se* litigant's advocate.[2]

Plaintiff's mostly incomprehensible complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) because it presents no discernable basis for federal subject matter jurisdiction. The complaint appears to center on Plaintiff's

---

[1] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[2] See Hall v. Bellmon, 935 F.2d 1106, 110 (10th Cir. 1991).

allegation that Defendant, whom Plaintiff identifies as a " 'City METRO officer - Inspector' " *city* of Washington, *District* of Columbia,"[3] and unidentified others demanded that Plaintiff "hire them for inspections" and told him that if he "chose not to hire them they would take away property from him."[4]  Plaintiff goes on to allege, among other things, that,

> [t]his presumption is erroneous and based upon endorsements of private credit from the Federal Reserve that have never been made in good faith.  The subjection to Special Drawing Rights (Paper Gold) is one thing but presuming endorsement of fractional lending practiced outside the scope of lawful money is unlawful and such presumption is defeated by law herein . . . .  The subject presentment utilized for the claim was regular enough but Craig Richard wishes to invoke judicial review "any other provision of law" and nullify any justification for any further such theft action - manifest in actual or threatened kidnap.[5]

Original jurisdiction in federal court exists where the requirements of either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction) have been satisfied.  Liberally construing the complaint, Plaintiff has failed to allege in an understandable way that Defendant violated any federally-protected right, and there is no allegation which could be interpreted to satisfy diversity jurisdiction.  Plaintiff's mere reference to federal law does not create subject matter jurisdiction; "[s]ubject matter jurisdiction can be created only by pleading a cause of action within the district court's

---

[3] Complaint at 2

[4] Id. at 3.

[5] Id.

2

original jurisdiction."[6]  Therefore, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.[7]  Additionally, the complaint does not comply with Fed. R. Civ. P. 8(a), for it fails to set forth (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, or (3) a demand for judgment for the relief the plaintiff seeks.[8]  However, the basis for dismissal is lack of subject matter jurisdiction.  Accordingly, it is

ORDERED that the complaint and cause of action are dismissed without prejudice.

DATED at Denver, Colorado, this    11    day of June, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court

---

[6] Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir. 1995).

[7] See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (subject matter jurisdiction must be established as a threshold requirement).

[8] See In re Nakagawa, 2007 WL 1207068 (10th Cir.).